(34 Misc. Rep. 482.)

ADLER v. PARR.

(Supreme Court, Trial Term, Montgomery County.　April, 1901.)

TRESPASS—EVIDENCE.

　　In an action for trespass, plaintiff claimed that defendant erected a board fence 12 feet high upon his land. After the bringing of the action, the fence was removed. The evidence showed that the fence was a division fence, and not upon plaintiff's land. Held, that the complaint should be dismissed.

Action by Isaac Adler against Mary A. Parr. Complaint dismissed.

White & Ferguson, for plaintiff.

H. V. Borst, for defendant.

HOUGHTON, J. The parties own adjoining premises. The plaintiff claims that the defendant erected a board fence 12 feet high upon his land. After the bringing of the action, the fence was removed. It transpires that the fence was not upon plaintiff's land, but was a division fence. The shed complained of is also found to be upon the defendant's land. The plaintiff has, therefore, failed to establish his cause of action, and the complaint must be dismissed.

Some proof was introduced upon the trial that the materials out of which the fence in the rear was built were filthy and unfit for that purpose. There is no allegation in the complaint with respect to this, and that question cannot be considered; nor is the question properly before the court as to what rights each party may have as to the character of a division fence. The plaintiff does not complain of an improper division fence, but of an erection upon his own land. While the defendant insists that this question is not before the court on the pleadings and proof, yet counsel, in their briefs, have discussed the rights of adjoining owners as to the character of a division fence. Therefore, while not involved in the decision of this case, it may be proper that something be said in that regard. Both counsel frankly confess they have been unable to find any decision directly in point with regard to this proposition, nor have I been able to do so. My own impression is that a division fence, presumably being upon the lands of both parties, should be reasonable and appropriate in its dimensions. The English doctrine as to rights in air and light do not apply, it is true, nor do I think that the doctrine of party wall applies; yet each party ought to have some tangible right respecting the character and appearance of a division fence. A man has a right to erect upon his own land anything he may choose which does not interfere with the rights of his neighbor. The infringement of his light and air is not one of the rights which the law recognizes. The case of Burke v. Smith, 69 Mich. 380, 37 N. W. 838, while dealing with this question, is not either in point or controlling, because it turns upon the malice of the defendant in making the erection, and is directly contrary to the decisions in this state which prohibit the courts from inquiring into the motives actuating a person in making such erection. Phelps v. Nowlen, 72 N. Y. 39, 28 Am. Rep. 93, and kindred cases. Nor is the case of Shubert v. Shubert, 2 Wkly. Dig. 484, in point, for in that case the erection was held to be upon the plaintiff's land. Nor is the case of Guest v. Reynolds, 68 Ill. 478, 18 Am. Rep. 570, in point, for in that case the erection was upon the defendant's own land. But the pleadings and the facts found by the court render a decision of this question unnecessary, and a discussion of it unimportant. The complaint must be dismissed, with costs.

Complaint dismissed, with costs.